**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NBIT COMMUNICATIONS SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FUNAI CORPORATION, INC. and FUNAI ELECTRIC CO. LTD., <br><br> Defendants. | Civil Action No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nbit Communications Systems, LLC ("Nbit" or "Plaintiff"), for its Complaint against Funai Corporation, Inc. ("Funai") and Funai Electric Co. Ltd. ("Funai Electric") (collectively referred herein as "Defendants") alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Nbit is a limited liability corporation organized and existing under the laws of the State of Delaware, with its registered agent address at 717 N. Union Street, Wilmington, Delaware 19805.

3. Upon information and belief, Funai is a corporation organized and existing under the laws of New Jersey with its principal place of business at 201 Route 17 North, Suite 903,

Rutherford, New Jersey 07070. Funai can be served via its registered agent, National Corporate Research, Ltd., 14 Scenic Drive, Dayton, NJ 08810.

4. Upon information and belief, Funai Electric is a corporation organized and existing under the laws of Japan with its principal place of business at 7-7-1 Nakagaito, Daito City, Osaka 574-0013, Japan and can be served at that address.

## JURISDICTION AND VENUE

5. Upon information and belief, Defendants sell and offer to sell products and services throughout the United States, including in this judicial district, and introduce products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b). On information and belief, Defendants conduct business in this district, the claims alleged in this Complaint arise in this District, and acts of infringement have taken place and are continuing to take place in this District.

9. On information and belief, each Defendant is subject to this Court's general and specific personal jurisdiction because each Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute, because each Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because each Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Nbit's

causes of action arise directly from each of Defendants' business contacts and other activities in the State of Delaware and this District.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,311,239

10. The allegations set forth in the foregoing paragraphs 1 through 9 are incorporated into this First Claim for Relief.

11. On October 30, 2001, U.S. Patent No. 6,311,239 ("the '239 patent"), entitled "Architecture, Circuitry And Method For Transmitting N-bit Wide Data Over M-bit Wide Media" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '239 patent is attached as Exhibit 1.

12. The inventions of the '239 patent resolve technical problems related to data transfer. For example, the inventions utilized a circuit to pack/unpack and encode/decode particular bit-width data resulting in seamless transmission over data links.

13. The claims of the '239 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '239 patent recite one or more inventive concepts that are rooted in data transmission technology, and overcome problems specifically arising in the realm of data transmission technologies.

14. The claims of the '239 patent recite an invention that is not merely the routine or conventional use of data transmission technology. Instead, the invention allows a first circuit to pack and encode data and a second circuit to receive, decode, and unpack data. The '239 patent claims thus specify how data packet transmission is manipulated to yield a desired result.

15. The technology claimed in the '239 patent does not preempt all ways of using data transmission, nor preempt the use of all data transmission, nor preempt any other well-known or prior art technology.

16. Accordingly, each claim of the '239 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

17. Plaintiff is the assignee and owner of the right, title and interest in and to the '239 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

18. Upon information and belief, each Defendant has and continues to directly infringe at least claims 1, 2, 3, 4, 9, 10, and 13 of the '239 patent by making, using, selling, importing and/or providing and causing to be used products compliant with technical standards known as High-Definition Multimedia Interface (HDMI) Version 1.4 and IEC 60958-1, including, but not limited to, products labeled 55MV376Y, 50MV376Y, 55MV346X, 43MV346X, 40MV324X, 32MV304X, 55ME345V, 50ME345V, 50ME336V, 43ME345V, 40ME325V, 50MV336X, 40MV336X, 32MV306X, 32ME306V, 24ME405V, 32MD304V, MBP5630, MBP1500, MDR868H, MDR867H, MDR865H, MDR557H, ZV427MG9, and MDR161V, each of which utilize "HDMI" technology consistent with the above-referenced technical standards (the "Infringing Instrumentalities").

19. The Infringing Instrumentalities infringe claim 1 of the '239 patent. Claim 1 generally recites a circuit that includes a first circuit and a second circuit. The first circuit includes a packer circuit and an encoder/serializer circuit. The first circuit also is configured to receive a first series of data packets having a first bit-width and present a second series of data

packets having a second bit-width in response to the aforementioned first series of data packets. The second circuit includes a decoder/deserializer circuit and an unpacker circuit. The second circuit also is configured to present a third series of data packets having the aforementioned first bit-width in response to the aforementioned second series of data packets.

20. The Infringing Instrumentalities infringe claim 1 of the '239 patent. (*See, e.g.*, HDMI 1.4, § 3 Overview, p. 9; HDMI 1.4, § 5.1.1 Link Architecture, p. 76; U.S. Patent No. 6,311,239 Specification at 1:42-44, 2:16-21; HDMI 1.4, § 7.8.1 Audio Sample Packets, p. 131; HDMI 1.4, § 5.1.2 Operating Modes Overview, p. 77-78; HDMI 1.4, § ; IEC 60958-1 Edition 3.0, § 4.1.1 Sub-frame format, p. 9; IEC 60958-1 Edition 3.0, § 4.1.2 Frame format, p. 9; HDMI 1.4, § 1.2 Normative References, p. 1-2; HDMI 1.4, § 7.6 Audio Data Packetization, p. 129; HDMI 1.4, § 7.1 Relationship with IEC 60958/IEC 61937, p. 119; HDMI 1.4, § 5.2.3.1 Data Island Overview, p. 81; HDMI 1.4, § 5.4.3 TERC4 Coding, p. 101; HDMI 1.4, § 2 Glossary of Terms, p. 6; HDMI 1.4, § 6.5.2 Deep Color Pixel Packing, p. 111.)

21. The Infringing Instrumentalities infringe claim 2 of the '239 patent. Claim 2 generally recites the circuit of claim 1, wherein the first circuit includes a buffer circuit configured to hold one or more of the first series of data packets.

22. The Infringing Instrumentalities infringe claim 2 of the '239 patent. (*See, e.g.*, HDMI 1.4, § 7.8.1 Audio Sample Packets, p. 131; U.S. Patent No. 6,311,239 Specification at 1:40-44.)

23. The Infringing Instrumentalities infringe claim 3 of the '239 patent. Claim 3 generally recites the circuit of claim 1, wherein the second circuit includes a buffer circuit configured to hold one or more of the third series of data packets.

…

24. The Infringing Instrumentalities infringe claim 3 of the '239 patent. (*See, e.g.*, HDMI 1.4, § 2 Glossary of Terms, p. 6; U.S. Patent No. 6,311,239 Specification at 1:44-47).

25. The Infringing Instrumentalities infringe claim 4 of the '239 patent. Claim 4 generally recites the circuit of claim 1, wherein the second series of data packets are presented on a serial link.

26. The Infringing Instrumentalities infringe claim 4 of the '239 patent. (*See, e.g.*, HDMI 1.4, § 5.4.1 Serialization, p. 100; HDMI 1.4, § 3 Overview, p. 9-10; HDMI 1.4, § 5.1.1 Link Architecture, p. 76; HDMI 1.4, § 5.2.1.2 Character Synchronization, p. 79; HDMI 1.4, § 5.4.3 TERC4 Coding, p. 101.)

27. The Infringing Instrumentalities infringe claim 9 of the '239 patent. Claim 9 generally recites a circuit that includes a receiving means and a presenting means. The receiving means includes a packer circuit and an encoder/serializer circuit. The receiving means also receives a first series of data packets having a first bit-width and presents a second series of data packets having a second bit-width in response to the aforementioned first series of data packets. The presenting means includes a decoder/deserializer circuit and an unpacker circuit. The presenting means also presents a third series of data packets having said first bit-width in response to the aforementioned second series of data packets.

28. The Infringing Instrumentalities infringe claim 9 of the '239 patent (*See, e.g.*, HDMI 1.4, § 3 Overview, p. 9; HDMI 1.4, § 5.1.1 Link Architecture, p. 76; U.S. Patent No. 6,311,239 Specification at 1:42-44, 2:16-21; HDMI 1.4, § 7.8.1 Audio Sample Packets, p. 131; HDMI 1.4, § 5.1.2 Operating Modes Overview, p. 77-78; HDMI 1.4, § ; IEC 60958-1 Edition 3.0, § 4.1.1 Sub-frame format, p. 9; IEC 60958-1 Edition 3.0, § 4.1.2 Frame format, p. 9; HDMI 1.4, § 1.2 Normative References, p. 1-2; HDMI 1.4, § 7.6 Audio Data Packetization, p. 129;

HDMI 1.4, § 7.1 Relationship with IEC 60958/IEC 61937, p. 119; HDMI 1.4, § 5.2.3.1 Data Island Overview, p. 81; HDMI 1.4, § 5.4.3 TERC4 Coding, p. 101; HDMI 1.4, § 2 Glossary of Terms, p. 6; HDMI 1.4, § 6.5.2 Deep Color Pixel Packing, p. 111.)

29.     The Infringing Instrumentalities infringe claim 10 of the '239 patent.  Claim 10 generally recites a method for transmitting data having a first bit-width over media having a second bit-width, which contains the following steps: (a) receiving a first series of data packets having the first bit-width, generating a second series of data packets having the second bit-width in response to the first series of data packets, and packing, encoding/serializing, and presenting the second series of data packets to the aforementioned media; (b) receiving, decoding/deserializing, and unpacking the second series of data packets, and generating a third series of data packets having the first bit-width in response to the second series of data packets.

30.     The Infringing Instrumentalities infringe claim 10 of the '239 patent.  (*See, e.g.*, HDMI 1.4, § 3 Overview, p. 9; HDMI 1.4, § 5.1.1 Link Architecture, p. 76; U.S. Patent No. 6,311,239 Specification at 1:42-44, 2:16-21; HDMI 1.4, § 7.8.1 Audio Sample Packets, p. 131; HDMI 1.4, § 5.1.2 Operating Modes Overview, p. 77-78; HDMI 1.4, § ; IEC 60958-1 Edition 3.0, § 4.1.1 Sub-frame format, p. 9; IEC 60958-1 Edition 3.0, § 4.1.2 Frame format, p. 9; HDMI 1.4, § 1.2 Normative References, p. 1-2; HDMI 1.4, § 7.6 Audio Data Packetization, p. 129; HDMI 1.4, § 7.1 Relationship with IEC 60958/IEC 61937, p. 119; HDMI 1.4, § 5.2.3.1 Data Island Overview, p. 81; HDMI 1.4, § 5.4.3 TERC4 Coding, p. 101; HDMI 1.4, § 2 Glossary of Terms, p. 6; HDMI 1.4, § 6.5.2 Deep Color Pixel Packing, p. 111.)

31.     The Infringing Instrumentalities infringe claim 13 of the '239 patent.  Claim 13 generally recites the method of claim 10 wherein the second series of data packets are presented on a serial link.

32.     The Infringing Instrumentalities infringe claim 13 of the '239 patent. (*See, e.g.*, HDMI 1.4, § 5.4.1 Serialization, p. 100; HDMI 1.4, § 3 Overview, p. 9-10; HDMI 1.4, § 5.1.1 Link Architecture, p. 76; HDMI 1.4, § 5.2.1.2 Character Synchronization, p. 79; HDMI 1.4, § 5.4.3 TERC4 Coding, p. 101.)

33.     On information and belief, the Infringing Instrumentalities are used marketed, provided to, and/or used by or for each Defendants' partners, clients, customers and end users across the country and in this District.

34.     Each Defendant was made aware of the '239 patent and its infringement thereof at least as early as the filing of this Complaint.

35.     Upon information and belief, since at least the time Defendants received notice, each Defendant has induced and continues to induce others to infringe at least one claim of the '239 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each Defendant's partners, clients, customers, and end users, whose use of the Infringing Instrumentalities constitutes direct infringement of at least one claim of the '239 patent.

36.     In particular, each Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Infringing Instrumentalities and providing instruction materials, training, and services regarding the Infringing Instrumentalities.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '239 patent and knowledge that its acts were inducing infringement of the '239 patent since at least the date each Defendant received notice that such activities infringed the '239 patent.

37. Upon information and belief, each Defendant is liable as a contributory infringer of the '239 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States data transmission technology to be especially made or adapted for use in an infringement of the '239 patent. The Infringing Instrumentalities are a material component for use in practicing the '239 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

38. Upon information and belief, since at least the time each Defendant received notice, Defendants' infringement has been willful.

39. Plaintiff has been harmed by each Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nbit demands judgment for itself and against Defendants as follows:

A. An adjudication that each Defendant has infringed the '239 patent;

B. An award of damages to be paid by each Defendant adequate to compensate Plaintiff for Defendants' past infringement of the '239 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

    D.    An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: November 16, 2016

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806

Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
   *Nbit Communications Systems, LLC*

10